Thank you, Your Honor. May it please the court, I'm Assistant Attorney General Andrew Reilly and I'm appearing on behalf of appellant respondents in this matter. Just jumping to addressing the specific questions from the court's order from last week that first, Chavez v. Brnovich is relevant as the law of the circuit in that an Arizona court does not unreasonably apply clearly established federal law when like the court did here. It holds that Anders type review by a court is not required in a pleading defendant's first appeal of right. Consequently, the district court's conclusion that the reasoning in state v. Chavez, the Arizona Court of Appeals decision, the district court's conclusion that that was an unreasonable application of clearly established federal law is now contrary to the law of the circuit based on Chavez v. Brnovich. So counsel, I have a question for you. The district court in this case did not have the benefit of this new Ninth Circuit case, correct? No. In terms of how we resolve this case, is one way simply to vacate, remand, and send it back to the district court in light of this new decision? That would be a way to do it, but that would ignore the procedure default issue that I think is particularly relevant here. I mean, I think that, in that third, to find that an Anders claim was fairly presented in the third PCR proceeding is just simply, and not only in the third PCR proceeding, but in the third PCR proceeding, where the Superior Court never even ruled on any of the merits of it. Well, that brings us to the other question we asked you to address, which is to say, of his various Anders challenges, did the Arizona Court of Appeals actually address in this case, right? Because we laid it out in that order. Yes. So I know that there's a double-barreled kind of state court decision. I view this as kind of like a triple-barreled state court decision. So I view it as they dismiss it, the Court of Appeals affirms the denial of an extension request, so no claims are properly before it. But even if a claim, the claims were properly before it, Chavez, State v. Chavez answers your Anders in your first proceeding claim, and... But at this most, okay, we have three rounds, and so the three rounds of three PCR rounds. In the third PCR round, we have the Arizona Court of Appeals rejecting an Anders challenge, all right? As we pointed out in the order, the district court and the parties seem to assume that the Anders challenge that the Arizona Court of Appeals was addressing was the one presented in his first PCR proceeding. Actually, presented Anders challenge to his first PCR proceeding, but in fact, appears to me at least that he was actually, that the Court of Appeals was addressing his Anders challenge to the third PCR proceeding. May we explain that in this order? Yes. No, and so... So what's the state's position on which of his Anders challenges that the Arizona Court of Appeals presented? The state's position is that none, no actual Anders claim has been properly presented. Again... No, I know that. I know that it wasn't a properly... That's not my question. My question is, what did the Arizona Court of Appeals address when it addressed Anders in the third round? In that paragraph, in paragraph seven of both, that the State v. Chavez, that the citation to State v. Chavez concerns the first PCR, concerns an Anders claim in the first PCR proceeding. To his first PCR proceeding. To his first PCR proceeding, because that's all that State v. Chavez talks about. Right. And then another alternative where it just says, and Anders doesn't even apply in this third proceeding because you're not even entitled to effective assistance of counsel. So both, the states that there are alternative merits rulings on both a claim for first PCR... And the third. And the third. Yes, your honor. Okay. Again, like I said, while it could be remanded, I think the procedural default issue here weighs in favor of not doing that to the extent that your honors find that it isn't, that the citation to Chavez doesn't adequately address an alternative merits for the first... The Anders claim for the first proceeding. I don't see how you can, I don't see how it could even get to the merits then at that point. Because again, it wasn't properly presented. And to say that the State court didn't address it, it just doesn't allow, I don't see how it would allow a review of the claim de novo or... So with this one under Arizona law, I'm somewhat confused by this. When is an Anders challenge to a first PCR proceeding, how is it properly presented under rule 32 as it existed at the time? Are you supposed to make it in that appeal from the, when you, what's that first PCR proceeding? Are you then supposed to bring it, is it properly brought if it's then presented to the Arizona Court of Appeals by saying, in this first proceeding, I didn't get an Anders. Anders wasn't complied with because the district, the trial court failed to make a factual finding with this or finding that this was a frivolous claim. Is that enough or does that properly present it or is it supposed to be presented in a second PCR proceeding attacking how the first PCR proceeding went? That's, I'm uncertain about that. State v. Chavez talks about that. There was a, Miki argued a waiver because it wasn't presented in the Superior Court for that. But State v. Chavez specifically said, if you raise it, it's best to raise it in the Superior Court in the first instance. But if you raise it on appeal in that first PCR proceeding, then that's sufficient. Whereas they normally would find something like that waived if you didn't raise it first in the Superior Court. But Chavez says that, no, it's enough to bring it. You bring it in the first PCR and you bring it to the Court of Appeals, that's sufficient. That's sufficient. Can you bring it in the second PCR? Can you bring a second PCR proceeding raising an Anders challenge to your first PCR proceeding? No. I would say, I submit no. You can raise an IEC of... Is that under Rule 32? I mean, excuse me. Yeah, the new Rule 32. The old Rule 32. Yeah. But you do get, in the old Rule 32, and the new Rule 33, you do get a second round where you can raise IEC of appellate counsel, which would be in that case. So you could raise an IEC claim, but you can't raise that substantive claim. Substantive claim would be waived if you didn't raise it in the first proceeding. But before we could apply procedural bar, don't the Arizona courts have to do that? And the difficulty I'm having with the Arizona Court of Appeals decision on the third PCR proceeding, paragraph seven, is there are two alternative merits determinations with respect to either the first or the third PCR proceeding, but I don't see the Court of Appeals applying the procedural bar. The clear procedural bar that I would argue is in paragraph five, where again, again, this is an appeal of a denial of an extension request. So there were no claims or petition even considered in the Superior Court because he asked for multiple extensions and failed to provide or present any sort of claim. But don't our cases say that in order for a procedural bar rule to apply, that the state court had to expressly rely upon the procedural bar, and we don't have that here. Well, I think we do have it here because- Expressly, it didn't expressly tie that paragraph five to the ender's claim. No, but it said any claim. I mean, we would have these particular, I mean, I mean, we want to encourage alternative merits analysis. We want to encourage courts to do alternative merits analysis on these claims. But to just sit here and have to say repeatedly, this again is not another claim. I know I said any claim before, but this is another claim that is part of that any claim that's still not properly presented. So, I mean, when the court says that you have failed to show me any claim that's raisable in this proceeding, that's any claim that's been raised in this proceeding would be the, is the state's argument. So I view it as a clear and express waiver or express procedural bar. And particularly again, in the context when it affirms specifically the denial of an extension request, that the judge was right. You don't even get to file a petition in the first place. And if this court doesn't have any further questions, we reserve. Very well. Good morning, Your Honors. Randy McDonald on behalf of Petitioner, Appellee Michael Sanchez. So I guess jumping to the questions that Your Honors raised in the order, I think it's pretty obvious that Chavez does change the ecosystem in which we're operating. And I think the way that Chavez addresses this case is that the district court's decision that the Arizona procedure, that the court of appeals determination that the Arizona procedure complied with Anders is not contrary to or an unreasonable application of clearly established federal law. But I think the second question that Your Honors raise as to whether that first Anders, the Anders question from the first PCR was actually addressed by the court of appeals. I think that raises a separate question, which is, does this court or should the district court have reviewed the court of appeals? Should the district court have reviewed Mr. Sanchez's claim de novo because the court of appeals did not reach that first Anders question on the merits? And so I think where we are now, Judge Owens, I think you mentioned that one possible procedure here would be to remand it to the district court for reconsideration in light of Chavez. And I think that might be appropriate only because the additional question about which Anders claim was actually addressed by the court of appeals sort of begs the question of whether there was actually a merits determination of the first Anders question by the court of appeals and whether the district court should review the claim de novo. And I'm going to cite to a case, I'm going to refer to a case that was not in our briefing. And the reason it wasn't in our briefing is because this particular question wasn't raised in the briefing. That case is Johnson versus Williams. It's a 2013 United States Supreme Court case. It's at 568 U.S. 289. And that case holds that there's a rebuttable presumption that where a state court of appeals or state Supreme Court handles a post-conviction proceeding and does not specifically rule on the that is a merits determination. But that presumption is rebuttable. So this is from this quote that I'm going to read is from page 302 and 303. If a federal claim is rejected as a result of sheer inadvertence, it has not been evaluated based on the intrinsic right and wrong of the matter. And skipping down a little bit, when the evidence leads very clearly to the overlooked in state court, 2254D entitles the prisoner to an unencumbered opportunity to make his case before a federal judge. So I think the situation we have here is one in which Chavez forecloses the possibility that we can argue that the court of appeals decision, if it was a decision on the merits, was contrary to an unreasonable application of clearly established law. But I think there is now an additional question as to whether the court of appeals did in fact address the merits of that claim and whether there should instead be a de novo review, which Chavez does not. I think Chavez would not apply if the district court were reviewing de novo. But the court did not do that. The district court didn't do that here. And so I think perhaps it's appropriate to remand to the district court to determine whether it should do that. And if it determines to review a de novo, to in fact give it a de novo review in the first instance, and then perhaps come back here once the record is a little bit clearer. So Mr. McDonough, here's a business question for you. So you're on this case on appeal. If we were to send this case back to the district court, you have experience in this area, do you stay on the case? I would be happy to stay on the case. I would be happy to do whatever this court or the district court orders me to do. But as of right now, your appointment is only for this appeal, correct? My understanding of the Criminal Justice Act is that the appointment for a matter can follow an attorney around. Okay. Just curious, because you guys are both very solid in this area of the law, which is incredibly confusing, not because of you guys, it's just the nature of where we are. It seems to be that this case kind of got off on the wrong trajectory because there was an intervening Ninth Circuit case that kind of changed it. And it wasn't available when you guys briefed the case. It wasn't available when this case was argued to the district court. So it seems to be that if this case were to go back to reconsider that case, that the state could make all the same arguments you're making now to the district court. And it would be somewhat of a reset. And I just want to make sure that for both of you, I understand the arguments you're making, the government's making about they want to make sure about procedural default and so forth. But from your position, I'm taking it, this could all be argued and fleshed out in the district court? Yes, Your Honor. Before Judge Marquez or whichever district court judge were to inherit this, I'll address, I guess, are there any questions about that part of my argument? I think just procedural default. Procedural default. So I think Your Honors are correct that the Court of Appeals opinion does not specifically speak to a procedural default issue. I think the language that the state sort of hangs on is the language as to the petition being untimely. But any petition other than a first petition is by its definition untimely. And so a second petition, the state was addressing some instances in which in a Rule 32 of right, which is now Rule 33, there is a of right second petition, which can raise ineffective assistance claims. But by definition, that petition is itself untimely because it is not filed within 30 days of the conviction being finalized or 90 days of the direct appeal being returned. So by virtue of being untimely itself does not bar automatically a second petition. And Your Honors are right that there is this language about being untimely, but then also merits determinations about certain of the claims, although not all of the claims. And I think Your Honors question about which of the Anders claims is being addressed in paragraph seven. I think the conclusion that because State v. Chavez is cited that it must be referring to first PCR. I don't necessarily think that that follows because the language says, this court has determined Anders review is not required for pleading defendants. That doesn't specifically cite to in the first PCR. And in this case, there are two claims about Anders. So it's actually quoting from his challenge to his third PCR proceeding. Right. It appears that they're focusing, at least to me, it appears that they're focusing on his Anders challenge to his third PCR proceeding, as opposed to his Anders challenge to his first PCR proceeding. I agree. I mean, this is in any case in which you have a pro se defendant who's raising these issues, it's always going to be a little bit unclear exactly what is being pled. And I what claims are being presented. But I do think it's pretty clear that the Court of Appeals here is saying that the reason why he is not entitled to Anders review is because this is a third post conviction proceeding. I do want to address very quickly, and I know I talked about this in the petition. This is a third post conviction proceeding, but I don't think it's appropriate to call it a third PCR. The second post conviction proceeding was a motion for DNA testing pursuant to I think it's ARS 13-3420. I could be wrong about that citation. But state v Gutierrez, which is an Arizona Supreme Court decision pretty specifically says that a petition for post conviction DNA testing is not the same as a petition for PCR. But I think this third PCR, this third post conviction proceedings, third thing that he filed on PCR is more appropriately viewed as a second PCR in which IAC claims and claims related to Anders can be raised. And I think the state is right that in Chavez, Mr. Chavez raised his first PCR, but I think there was a legitimate question there whether that meant that those claims were raised by not presenting it to the first PCR court. So I think it's appropriate to raise those claims also in a second PCR in which a claim of IAC can be raised. Let me ask that the second proceeding, there are actually two different documents in the record, right? We have the motion that you're talking about for DNA testing. And then we have after that, we have the petition for post conviction relief, which is actually where he asserted that the Anders claim. So it's not, so it actually was a second PCR notice. So real PCR that had all the accoutrements of a typical PCR proceeding. There was a, there was a supplemental brief that he filed in which he makes claims relating, in which he asserts for instance, newly discovered evidence and a prosecutorial misconduct claim. I don't think he raises the Anders claim until, I don't think he raises it in that particular proceeding. I could be wrong about that if you have a specific record site. I do actually. He, well, I'm pretty sure that he actually raised this in the second one. So I'm looking at 3ER321, which is this memorandum of points and authorities that he files to support the DNA motion. And he makes, he says, number one, prosecutorial misconduct, suppression of evidence at the state, unlawfully induced plea of guilty, ineffective assistance of counsel. I think all of these claims though are, they're relevant to the DNA motion. And although he sort of titles them as prosecutorial misconduct, ineffective assistance of counsel, they relate to why the court should grant a motion for DNA motion. And again, your honor, perhaps this is why it might make more sense to send it back to the district court, sort this out. I'm pretty sure he cited you, but I'm having trouble locating and putting it to my fingers at the moment. So, I mean, the point of all of this is that I think the third post-conviction thing that he files could be viewed as his second of right petition to raise IAC and Anders claims for the first. And so I don't think it's necessarily automatic that those claims would be procedurally defaulted, but I think the court of appeals decision pretty clearly does not say these claims are procedurally defaulted. We're not going to address them. It does in fact address those claims. Are there any questions? I think there are lots of questions, but I'm not sure how many more questions for you. Thank you. Okay. All right. Thank you, Your Honor. Thank you for your assistance in helping us get through this. Thank you, Your Honor. To begin, I'd just like to just again reiterate that I don't believe that the citation to Chavez was inadvertent or somehow. I think it's pretty clear what the citation to safety Chavez does as it relates to a claim regarding Anders' review in a first PCR proceeding. There's a brief citation of authority by a state court, which clearly answers a substantive question should be construed as a merits determination. If a juvenile received a life sentence, raised a claim that I didn't receive a permanent incorrigibility finding, and the state court said, no, Jones, that's enough. And that would be enough. It's the briefing. And to Your Honor's question, I do believe that the same language, the same quoted language, I could be mistaken, but the same or substantially similar language was used both in regarding the third and in the supplemental. Like a lot of pro ses, they just, I think it was a lot of just swapping in different language while maintaining the same structure. I could be wrong, but when I looked at the order, I thought about that, and I believe I saw it in both instances. Again, I could be wrong. And the last point I'll just make is Chavez v. Brnovich, I think is instructive in more than just the way habeas courts are to read state courts merits decisions. I believe it's instructive that they're to know and apply the procedural rulings, too. Again, we're not requiring, I mean, the more precise they should be, but we're not requiring perfect opinions and perfect decisions because of the sheer volume and because of this desire that we should encourage all these alternative merits rulings and things of that sort. And again, there's nothing the court of appeals specifically said in paragraph five that there's nothing, no claim, there's not a single claim here that could be properly raised in this proceeding. So the court didn't abuse its discretion, and I think that's a clear procedural bar on that. And no claim was properly presented to the court in that proceeding. And the court properly dismissed it based on that, and then alternately went to merits of other claims. And if there are no further questions, rest on the briefing and ask that you reverse the grant of conditional habeas relief and affirm the denial of immediate release. Thank you very much. All right. Thank you very much, counsel. Thanks to both of you for your argument in briefing this case. This matter is submitted, and we are adjourned for the day.
judges: OWENS, BADE, Baker